*67 OPINION.
Lansdon :
The first issue to be determined here is whether the respondent erroneously added the amount of $14,395.65 to petitioner’s income for the taxable year in the circumstances set forth in our findings of fact. In our opinion this action of the respondent was erroneous. In many prior decision,s, involving the same state of facts, we have set forth our views on this point. Appeal of Chatham & Phenix National Bank, 1 B. T. A. 460; Appeal of Bank of Hartsville, 1 B. T. A. 920; Appeal of Madison & Kedzie State Bank, 1 B. T. A. 922. See also several other decisions of like import in subsequent volumes of our reports.
Although not so stated in the petition, the counsel for the taxpayer has indicated in his brief that the claim for special assessment is-submitted as an alternative contention in the event that the claim for readjustment of income on account of unearned discounts is not allowed. We have decided that issue in favor of the petitioner. Our findings disclose that the petitioner has already paid taxes for *68 the year in question in the amount of 17.1 per cent of its income for that year and that, if the deficiency here in controversy, is allowed, its tax will be 32.73 per cent of its income for such year. The effect of our decision above is to disallow all, or substantially all, of the asserted deficiency. This indicates that the petitioner, on final adjustment of ⅝ tax liability, will pay almost exactly the average rate of tax that was paid in that year by three-fourths of the similar institutions in the United States. There is no evidence that the total tax of the petitioner as finally recomputed in conformity with this report, will result in any exceptional hardship. There is no reason,therefore, for any consideration of the evidence adduced by the petitioner in support of its claim for £pecial assessment,, which accordingly is denied.

Judgment will be entered wider Rule 50.